(No. 14036.—Reversed and remanded.)
WILLIAM J. JACKSON, Receiver, Appellee, *vs*. LOUIS L. EMMERSON, Appellant.

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

This case is controlled by the decision in *Armstrong* v. *Emmerson,* (*ante,* p. 54.)

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, and JAMES W. GULLETT, of counsel,) for appellant.

GEO. B. & GEO. M. GILLESPIE, (HOMER T. DICK, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill filed by appellee, as receiver of the Chicago and Eastern Illinois Railroad Company, in the circuit court of Sangamon county, for an injunction to restrain the appellant, the Secretary of State, from paying over to the State Treasurer $9080.55 paid by appellee to the appellant under protest for the annual franchise or license fee, under the provisions of the general Corporation act of Illinois. A general demurrer filed by appellant was overruled and the court entered a decree permanently enjoining him from paying $3547.17 of the amount in question to the State Treasurer and ordering that said sum be forthwith returned to the railroad company. From this decree the Secretary of State has appealed to this court.

The allegations of the bill and the questions of law involved in this proceeding are practically identical with those involved in *Armstrong* v. *Emmerson,* (*ante,* p. 54.) The briefs filed by appellee in this case are identical with the briefs filed in the case just referred to, and the facts are

identical except as to the amount· of money involved and the amount as to which the decree restrains payment to the State Treasurer. The opinion of this court in that case disposes of all the legal questions involved in this case and will control here. This leaves it unnecessary to discuss further any questions raised in the briefs.

The decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*

---

(No. 14016.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD WALINSKY, Plaintiff in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

1. CRIMINAL LAW—*each party to a conspiracy is a party to all acts in furtherance of the common design.* Every person entering into a conspiracy, or a common design which has already been formed, is deemed in law to be a party to all acts done by any of the other parties before or after the time of his entering into the conspiracy, if such acts be in furtherance of the common design.

2. SAME—*what is proof of participation in larceny.* Evidence that certain parties entered into a conspiracy for the stealing of certain goods, that one of them sent a message to the defendant to meet him for the purpose of furthering the act of stealing the goods, that the defendant in pursuance of the call met said party and conspired with him and the others to find a place in which to secrete the goods, is sufficient to show the defendant's participation in the larceny.

3. SAME—*when parties agree to commit a felony, which is consummated, all are guilty.* Where two or more persons agree generally to commit a felony, and a felony is committed pursuant to such agreement, all are guilty.

4. SAME—*when instruction may assume that goods were stolen.* An instruction on the law concerning accessories before the fact is not objectionable because it assumes that a larceny was committed, where such fact is clearly established by the evidence and the only question is as to the defendant's participation in the crime.

5. SAME—*court should avoid giving impressions to the jury as to guilt of accused.* In a criminal case the trial court must exercise